Kamp v. Brookshire

---

MAURICE KAMP, DIRECTOR, MECKLENBURG COUNTY BOARD OF HEALTH v. JAMES CARROLL BROOKSHIRE AND ACCESS DEVELOPMENT CORP., A CORPORATION

No. 7426SC34

(Filed 17 April 1974)

1. **Appeal and Error § 41— record on appeal — order of proceedings**

Defendants' record on appeal which was jumbled and out of order did not comply with Rule 19(a) of the Rules of Practice in the N. C. Court of Appeals which requires that proceedings should be set forth in the record on appeal in the order in which they occurred.

2. **Health § 3; Nuisance § 4— improper sewage disposal — sufficiency of evidence to support findings and orders**

Evidence was sufficient to support the trial court's findings of fact and these in turn supported its orders that defendants not be allowed to connect to the city-county sewer system, that defendants discontinue use of their septic tank unless the system were so utilized as to prevent the discharge of waste or effluents to the surface of the ground or into the Taggart Creek tributary, and that defendants not be allowed to drill a new well on the premises in question.

APPEAL by defendants from *Snepp, Judge,* at the 11 June 1973 Civil Nonjury Session of MECKLENBURG Superior Court.

Heard in the Court of Appeals 12 March 1974.

This is a civil action wherein the plaintiff sought an injunction to prevent the defendants from operating an overloaded septic tank system which was discharging waste to the surface

of the ground and emptying into a tributary of Taggart Creek. Defendant Brookshire had on his property a septic tank system designed to accommodate 30 mobile homes. The County Board of Health had issued Mr. Brookshire a permit authorizing the servicing of 30 mobile homes by his septic tank system. At the time of the bringing of this action the system was serving 53 mobile homes and 16 businesses.

The pump in Mr. Brookshire's septic tank system which propels the sewage directly into the Taggart Creek tributary remained broken on numerous occasions from 1968 to the time of the instigation of this action and in fact was broken at that time. The expert for the County Board of Health testified that Mr. Brookshire's system removed about 11% of the waste from the effluent being discharged into the Taggart Creek tributary. The Rules and Regulations of the Mecklenburg County Board of Health require 98% removal to dump any kind of waste into streams in Mecklenburg County. Defendants' well, which served the entire mobile home park, was located 82 feet from the edge of his nitrification field in violation of the Mecklenburg County Board of Health Rules and Regulations, which require a minimum distance of 100 feet.

The history of this case goes back to 1968. On four dates, 23 April 1968, 3 April 1969, 7 August 1970, and 9 November 1970, the defendants, by registered mail, were notified that their septic tank system was not functioning properly, that the system was creating an unsanitary condition and were ordered to remedy the situation. No action was taken by Mr. Brookshire to alleviate the problem. Mr. Brookshire was asked to appear before the Mecklenburg County Water Pollution Control Advisory Committee three times before he finally attended a committee meeting. Mr. Brookshire met with the committee on four occasions, 12 January 1971, 9 February 1971, 13 April 1971, and 11 May 1971, to discuss the pollution problem and possible remedies. Mr. Brookshire was ordered to abate his sewage disposal problems and to make plans for connecting to the City of Charlotte sewer system. No action was taken by Mr. Brookshire to alleviate the problem or to connect to the city system.

In February, 1972 Mr. Brookshire was convicted in Criminal District Court for failure to maintain a sanitary system of sewage disposal so as to prevent the seepage of sewage and effluents to the surface of the ground in violation of G.S. 130-160

and the Rules and Regulations of the State Board of Health and the Mecklenburg County Board of Health.

This action was filed on 1 May 1973 and a hearing ordered at which the defendants must show cause why a preliminary injunction should not be entered. On 15 June 1973 the show cause hearing was held before Judge Snepp, and the plaintiff presented the above evidence, plus a great deal of technical data. On 21 June 1973 Judge Snepp found that defendants had failed to show cause why they should not be enjoined from continuing the operation of their septic tank system and water supply system, allowed the preliminary injunction, and ordered the parties to appear before him the next day to propose a timetable for making the necessary engineering studies and connecting defendants to the City of Charlotte sewer system.

On 26 June 1973 the defendants filed a motion seeking to have the trial court declare that the 12-inch pipe that the Charlotte-Mecklenburg Utility Department was insisting that they install was too costly ($129,940.00) and would require greater time (280 days) than it would take to construct a sewer line to tap onto the existing Mulberry Motel 8-inch pipe. The motion also asserted that the pump was now in working order.

On 27 June 1973, pursuant to the timetable hearing on 22 June 1973, Judge Snepp entered an order finding that defendants had presented no evidence in support of their motion to be allowed to connect to the city-county sewer system along Mulberry Road. They gave no evidence of having discussed the matter with the Charlotte-Mecklenburg Utility Department to determine the feasibility of such request nor did they present any timetable or preliminary engineering studies or estimates of construction cost and time of construction. The order denied the motion and ordered the defendants to discontinue the use of their septic tank system unless the system were so utilized as to prevent the discharge of waste or effluents to the surface of the ground or into the Taggart Creek tributary. This order was stayed on appeal pending certain conditions. In open court, the defendants, who had requested permission to delay appealing the 21 June 1973 order until after the 22 June 1973 hearing and their motion of 26 June 1973, appealed from the orders of 21 June 1973 and 27 June 1973 and the denial of their motion.

On 12 July 1973 defendants filed their answer to the complaint and a motion to strike a paragraph of the complaint. On 1 August 1973 the defendants filed a motion for an order allow-

ing a new well to be drilled on the same premises because the existing well which served 65 families and 16 businesses was inadequate. On 6 August 1973, Judge Snepp entered an order denying the motion upon the finding that defendants had failed to comply with the requirements prescribed by the General Statutes of North Carolina, the North Carolina State Board of Health, the North Carolina Department of Water and Air Resources, and the Mecklenburg County Board of Health for application of a permit to construct or modify a public water supply system in that the defendants had not filed proper applications with the various agencies. From this order, defendants appealed, and the appeal was heard along with their previous appeal involving the same case.

*Ruff, Perry, Bond, Cobb, Wade & McNair by Hamlin L. Wade for plaintiff appellee.*

*Myers & Collie by Charles T. Myers for defendant appellants.*

CAMPBELL, Judge.

[1]   Rule 19 (a) of the Rules of Practice in the Court of Appeals of North Carolina clearly states that in the record on appeal the "proceedings shall be set forth in the order of the time in which they occurred, and the processes, orders, and documents included in the record on appeal . . . shall be arranged to follow each other in the order that they were filed." The record brought up by defendant appellants is jumbled, out of order, and does not comply with our rules.

[2]   At the show cause hearing, the evidence was as set out above. Defendants put on no evidence to the contrary. The trial judge's findings of fact were supported by competent evidence, and the findings of fact support the judgment entered. Defendants' assignments of error are all without merit. We find no error.

No error.

Judges HEDRICK and BALEY concur.